O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA-RAKHAMON AZIZI, ET AL.,<br><br>           Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPT. OF JUSTICE, ET AL.,<br><br>           Defendants. | No. CV 25-7562-CAS(E)<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

On August 13, 2025, Plaintiff,[1] proceeding pro se, paid the filing fee and filed a voluminous Complaint against numerous Defendants, including "United States Dept. of Justice," the Beverly Hills Police Department, the Los Angeles Police Department and "Torat Hayim Synagogue."  This Complaint, like complaints previously filed by Plaintiff and previously dismissed with prejudice,[2] is largely incomprehensible and wholly insubstantial.

///

---

[1]      The Court references Ha-Rakhamon Azizi as Plaintiff.  "Yahouda Azizi," whose name also appears in the caption, did not sign the Complaint and is indicated in the caption to have "Passed on."

[2]      See Azizi v. American Government, et al., No. CV 09-6677-CAS(CT), Azizi v. American Government, et al., No. CV 10-2108-CAS(E), Azizi v. The U.S. of America, et al., No. CV 12-7861-CAS(E), Azizi v. United States of America, et al., No. CV 15-7456-CAS(Ex), Azizi v. U.S. Dept. of Justice, No. CV 24-6361-CAS(E).

1    The present Complaint vaguely asserts, <u>inter alia</u>, ""mind manipulation," "disrespecting

2    the Creator," "hostage taking," the "sabotaging of religious articles," the stealing of "inventions"

3    (including inventions relating to electric cars and trains) and the implantation of hair on

4    Plaintiff's body.  Plaintiff appears to seek millions of dollars, as well as, perhaps, injunctive

5    relief.

6    "A paid complaint that is 'obviously frivolous' does not confer subject matter

7    jurisdiction [citation]. . . ."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citing

8    <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974)); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319,

9    327 n.6 (1989); <u>Bell v. Hood</u>, 327 U.S. 678, 681-82 (1946); <u>Franklin v. Oregon Welfare Div.</u>,

10   662 F.2d 1337, 1342-43 (9th Cir. 1981); <u>O'Brien v. United States Dep't of Justice</u>, 927 F.

11   Supp. 382, 384 (D. Ariz. 1995), <u>aff'd</u>, 76 F.3d 387 (9th Cir. 1996).  Dismissal for lack of subject

12   matter jurisdiction is proper when the federal claim is "so insubstantial, implausible, foreclosed

13   by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a

14   federal controversy."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 89 (1998) (citations

15   and internal quotations omitted).  Dismissal for lack of subject matter jurisdiction may occur

16   sua sponte. <u>Fiedler v. Clark</u>, 714 F.2d 77, 78 (9th Cir. 1983).

17   The manifest insubstantiality of the present Complaint deprives this Court of subject

18   matter jurisdiction. This jurisdictional defect could not be cured by amendment. Therefore, IT

19   IS ORDERED that the reference to the Magistrate Judge is vacated, and this action is

20   dismissed with prejudice.

21   LET JUDGMENT BE ENTERED ACCORDINGLY.

22   Dated:  September 4, 2025.

23   _____                                    _____

24                    CHRISTINA A. SNYDER

25                    UNITED STATES DISTRICT JUDGE

26

27

28